UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHAWNA SMALLWOOD

                                Plaintiff,

                                                  **COMPLAINT AND**
                                                  **JURY DEMAND**

       -against-


THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY HOUSING AUTHORITY
("NYCHA"), MICHAEL TESTA as employee of NYCHA,
MICHAEL TESTA, individually, YEVGENIY KLIMENKO, as
employee of NYCHA, YEVGENIY KLIMENKO, individually,
NYPD HOUSING BUREAU OFFICER KEVIN SOOGRIM,
SHIELD NUMBER 28254, NYPD HOSING BUREAU OFFICER
'BERGAM' SHIELD NUMBER 2966, 'NYMIAH BRANCH,
Individually and as employee of NYCHA' NYPD HOUSING OFFICER
ALIYA BHATTI, tax id number 936105' and JANE DOE #2, said
name being fictitious and unknown to Plaintiff but she is a NYPD
HOUSING BUREAU OFFICER called to the scene of the events set
forth herein,

-----------------------------------------------------------------X

       The Plaintiff, SHAWNA SMALLWOOD, by her attorney, Patrick C. Carroll, Esq., of The Law Office of Patrick C. Carroll Esq., alleges the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

       1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1988, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY HOUSING AUTHORITY ("NYCHA"), MICHAEL TESTA as employee of NYCHA, MICHAEL TESTA, individually, YEVGENIY KLIMENKO, as employee of NYCHA, YEVGENIY KLIMENKO, individually, NYPD HOUSING BUREAU OFFICER KEVIN SOOGRIM, SHIELD NUMBER 28254, NYPD HOUSING BUREAU OFFICER 'BERGAM' SHIELD NUMBER 2966, NYMIAH BRANCH, Individually and as employee of NYCHA' NYPD HOUSING OFFICER ALIYA BHATTI, tax id number 936105' JANE DOE #2, said name being fictitious and unknown to Plaintiff but she is a NYPD HOUSING BUREAU OFFICER called to the scene of

1

the events set forth herein, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION and VENUE

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

3. Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because this is the District were substantially all of the events and omissions giving rise to this claim occurred.

## PARTIES

4. Plaintiff, at all times relevant hereto. resided in the City and State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. That the NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant, THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and upon information and belief, the defendant, NEW YORK CITY HOUSING AUTHORITY ("NYCHA"), was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

8. That at all times hereinafter mentioned, and upon information and belief, MICHAEL TESTA, YEVGENIY KLIMENKO, and NYMIAH BRANCH, were at all times relevant hereto, employees of the defendant NEW YORK CITY HOUSING AUTHORITY ("NYCHA").

9. That at all times hereinafter mentioned, and upon information and belief, the defendants KEVIN SOOGRIM SHIELD NUMBER 28254, P.O. BERGAM SHIELD NUMBER 2966, NYPD HOUSING OFFICER

ALIYA BHATTI, tax id number 936105 and JANE DOE #2 were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

10. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

11. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as employees, or police officers, employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT or employed by the Defendant NEW YORK CITY HOUSING AUTHORITY, 'NYCHA', and that each and every one of the acts of the individual defendants alleged herein were done by the individual defendants, and each of them, under the cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK and/or THE NEW YORK CITY HOUSING AUTHORITY.

12. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

13. That as a result of the foregoing, the defendant, THE NEW YORK CITY HOUSING AUTHORITY, 'NYCHA,' is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14. Plaintiff is an African-American woman who is the mother of three children, ages 17, 6, and 3. She is a full time student at 'Plaza College' finishing an RN nursing program. At the time of the incident herein, Plaintiff was a full time student finishing an Associates degree in nursing. Prior to the incident set forth herein, Plaintiff had resided, without incident, in rental housing provided for by the New York City Housing Authority since year 2008. At the time thereof and at the present time, Plaintiff resides in the ground level apartment number '1D' at 2323 Batchelder Street, Brooklyn, New York together with her three children.

3

15. On Wednesday, 17th of April 2013, Plaintiff was in her apartment, tending to her home and children. Plaintiff's apartment has one window opening up to Batchelder Street from which one can view a section of Batchelder Street and the public sidewalk abutting it. The curb abutting Batcheleder Street at this location is distanced approximately 10 feet from this window. On the night previous, Plaintiff had parked her motor vehicle, a 2006 Nissan Murano Sport Utility Vehicle, on Batchelder Street. The car was visible from the afore-described window in Plaintiff's apartment. Plaintiff had recently replaced all four tires on the motor vehicle by purchasing and installing Goodyear brand tires costing approximately $1,100.00 to purchase and install. The tires were installed on factory 'mag-wheel' rims. These particular wheels are fixed to the car by way of five wing nuts. As an anti-theft feature, one of the wing nuts can only be removed with a specially sized tool, referred to as a 'key'.

16. At approximately 8:00 a.m. that day, Plaintiff's attention was drawn by activity outside her window where she saw two males wearing street clothing that had stopped at the passenger side of her Nissan Murano. The men were in street clothes and were not in any kind of uniform. The men were standing next to a shopping cart that appeared to be full of tools. One man, later learned to be defendant MICHAEL TESTA, was standing next to the tool filled shopping cart. As Plaintiff watched, the other male which Plaintiff later learned to be defendant YEVGENIY KLIMENKO, repeatedly bent down in front of the passenger side front wheel of the Plaintiff's vehicle to reach his hand towards the wing-nuts of that wheel with some of type of tool visibly held in his hand. Defendant MICHAEL TESTA further gestured and pointed at the Plaintiff's automobile as Defendant YEVGENIY KLIMENKO removed his hand from the wheel to his pocket, whereupon another tool of some sort was taken out and applied to the wheel of Plaintiff's automobile. Plaintiff saw this motion from 'wheel to pocket' occur three times in succession.

17. At about the time Defendant MICHAEL TESTA placed his hand and the tool it was holding back into his pant's pocket for the third time, Plaintiff's 16 year old son came to the window. At this time, both Defendant MICHAEL TESTA and Defendant YEVGENIY KLIMENKO were hunched over the front passenger side wheel of Plaintiff's automobile whereupon Plaintiff's son exclaimed "What the hell are you doing?" to which both Defendants jumped up and repeatedly stated "Nothing, nothing, nothing, nothing . . ." Plaintiff then accused these Defendants of trying to steal her new tires and rims, whereupon Plaintiff called 911 to request the police. Neither Defendant identified himself as a NYCHA employee at this time.

4

18. Plaintiff proceeded to call the police and go outside to her car where she found the Defendants attempting to leave the area. Plaintiff placed her hands on their shopping cart and stated that the police were called and coming to the scene. At this point, Defendant MICHAEL TESTA identified himself as a NYCHA employee and stated to the effect that he was looking for a tool that had fallen at or about the Plaintiff's automobile. Plaintiff contacted the police again via cell phone. Plaintiff did not strike or touch any Defendant in any way, but Defendant MICHAEL TESTA shoved and pushed Plaintiff from the shopping cart as Defendants stated their intention to leave the area while the Plaintiff protested. This Defendant then stated that he had contacted his NYCHA supervisor, NYMIAH BRANCH, who arrived to the area with JOHN DOE #2.

19. After speaking privately with one another, supervisor NYMIAH BRANCH told Plaintiff that she was going to be arrested for punching MICHAEL TESTA. Plaintiff did not strike MICHAEL TESTA. New York City Housing police officers including Defendant KEVIN SOOGRIM subsequently appeared at the scene whereupon NYMIAH BRANCH repeated the false statement to responding officers that Plaintiff had struck Defendant MICHAEL TESTA. A further private conversation ensued between NYMIAH BRANCH and then ALIYA BHATTI and JANE DOE #2.

20. JOHN DOE #1 then asked Defendant MICHAEL TESTA if he wanted the Plaintiff arrested, Defendant MICHAEL TESTA stated that he did not want Plaintiff arrested. Nonetheless, NYMIAH BRANCH, NYPD HOUSING OFFICER ALICIA BHATTI and JANE DOE #2, knowing that the alleged 'assault' did not occur, ordered Defendant SOOGRIM to place Plaintiff under arrest. NYPD HOUSING OFFICER ALICIA BHATTI further falsely claimed that the Plaintiff injured her, when in fact it was Defendant SOOGRIM who arrested Plaintiff.

21. Defendants further, falsely alleged, that Plaintiff resisted arrest. In fact, Plaintiff was allowed to return to her apartment to get dressed and inform her children of what happened and was arrested without incident.

22. Defendants MICHAEL TESTA and YEVGENIY KLIMENKO were not questioned by any officer, or their supervisor, about what they were doing at said location and they were not asked to turn out their pockets, or otherwise account for their actions.

23. Plaintiff was subsequently charged with PL 120 'Assault in the Third Degree' and PL 205.30 for 'resisting arrest.' Both charges are Class 'A' misdemeanors.

24. That the deprivation of rights and Constitutional violations committed by the Defendant continued and reoccurred each and every time Plaintiff appeared in Kings County Supreme Court on the following dates:

April 18, 2013;

June 3, 2012

July 17, 2013;

September 24, 2013;

November 4, 2013;

January 22, 2014;

March 12, 2014;

May 5, 2014.

25. On May 5, 2014, the Plaintiff was acquitted *after trial* before the Honorable Judge Grasso and her criminal case records sealed pursuant to CPL 160.50. Both Defendants MICHAEL TESTA and OFFICER SOOGRIM falsely testified against Plaintiff at the trial of this matter.

26. That Plaintiff 'caught' Defendants MICHAEL TESTA and YEVGENIY KLIMENKO in the process of stealing tires from her motor vehicle, whereupon, these Defendants, in conjunction with NYMIAH BRANCH and NYPD HOUSING OFFICER ALIYA BHATTI and JANE DOE #2, concocted the 'alleged assault' and criminal charges so as to conceal the fact that Plaintiff had caught two NYCHA employees attempting to steal from her.

27. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury an suffering.

### FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

28. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

29. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

6

30. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

31. As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

32. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

33. Defendants are liable for the damages suffered by the Plaintiff as a result of the conduct of their employees, agents, and servants.

34. Defendants knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

35. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

36. Defendants have failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct. Defendants committed intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and disciple its agents, servants, and/or employees with regard to their aforementioned duties.

37. Defendants have damaged the Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

38. Defendants subjected Plaintiff to false arrest and false imprisonment.

39. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the Defendants in the amount of One Million ($1,000,000.00) Dollars.

## THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

40. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

7

41. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

42. That as a result of the foregoing, the Plaintiff has been deprived of her following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

43. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant in the amount of One Million ($1,000,000.00) Dollars.

## FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

44. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

45. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

46. That as a result of the foregoing, the Plaintiff has been deprived of her f rights, privileges and immunities secured her by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the right of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

47. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendants in the amount of One Million ($1,000,000.00) Dollars.

## FIFTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

48. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

49. Defendants caused a false accusatory instrument to be filed against Plaintiff.

50. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

51. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

52. Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

## SIXTH CAUSE OF ACUTION
(DENIAL OF A FAIR TRIAL)

53. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

54. Defendant's misrepresentations about Plaintiff to prosecutors deprived Plaintiff of liberty because she was required to appear in court after the misrepresentations were made.

55. Accordingly, defendants are liable to Plaintiff under the Sixth Amendment for denying her a fair trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

B. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

C. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: 1 July 2015
Carle Place, NY

/s/
Patrick C. Carroll, Esq.
The Law Office of Patrick C. Carroll, Es.q.
One Old Country Road, Suite 125
Carle Place, NY 11514
Ph. (516) 424-9102
Fx. (516) 342-5624
Patrick.carroll.law@gmail.com
Attorney for Plaintiff

9